IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELLIOT KYLES,**

                **Petitioner,**

        v.                          CASE NO. 09-3266-RDR

**WARDEN CHESTER,**

                **Respondent.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Mr. Kyles alleges he is currently serving a 60-month federal sentence. He challenges the "Bureau of Prisons (BOP) denial of additional time in a Community Corrections Center" (CCC). He alleges that the BOP decided to limit his placement in a CCC to six months, and claims this decision is contrary to the Second Chance Act[1], 28 U.S.C. § 3624(c), which he argues entitles him to twelve months placement. The court is asked to "remand this matter to the BOP with instructions to evaluate petitioner for a longer placement in a CCC in compliance with the Second Chance Act."

The court is unable to immediately go forward on this Petition for several reasons. First, Mr. Lyles has not satisfied the filing fee prerequisite for proceeding in federal court. Second, he does not state sufficient facts, as opposed to conclusory allegations, to support a claim for federal habeas corpus relief. Finally, he does

---

[1] The Second Chance Act (Pub.L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692) amended the pre-release custody placement statute by increasing the potential pre-release placement period from six to twelve months. 18 U.S.C. § 3624(c)(1). Moreover, it required the BOP to issue regulations ensuring that RRC placement decisions are made: (A) consistent with the factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

not allege sufficient facts showing he has fully exhausted administrative remedies on the claims he raises in this Petition.

**FAILURE TO SATISFY FILING FEE**

In order to proceed in federal court, a habeas corpus petitioner must either pay the filing fee of $5.00 or submit a motion for leave to proceed without prepayment of fees. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Petitioner will be given time to pay the fee or submit a proper motion. If he fails to satisfy these filing fee requirements within the allotted time, this action may be dismissed without prejudice and without further notice.

**FAILURE TO STATE FACTS TO SUPPORT CLAIM**

Mr. Kyle's pro se Petition contains many legal citations and arguments. Unfortunately, he does not allege sufficient facts to show that these legal authorities should apply to entitle him to relief in his case. The only facts alleged as to the specific BOP decision rendered in his case are that he was granted six, rather than twelve, months CCC placement. He correctly cites 18 U.S.C. § 3624(c) as providing that the BOP is required to make a placement decision that ensures "the greatest likelihood of successful

2

community reintegration". However, he does not reveal the basis for the decision in his particular case or suggest how it was contrary to this provision. He does not provide a copy or even a summary of the administrative decision by the BOP on his application. Instead, he generally states that the BOP "failed to consider him for a placement period that would give him the greatest likelihood of successful reintegration", and claims that twelve months is that period. The same is true of his conclusory allegations that the BOP failed to enact regulations consistent with § 3624(c), and denied him a determination of his CCC placement until he had only 17 months on his sentence. Petitioner does state in his Petition several reasons why he believes "a longer stay in CCC is warranted[2]." However, since he does not reveal the basis for the administrative decision in his case, his allegations do not suggest how the BOP decision was contrary to federal law or a violation of his federal constitutional rights[3].

Petitioner cites <u>Strong v. Schultz</u>, 599 F.Supp.2d 556, 557–58 (D.N.J. 2009), in his Petition, for its discussion of the BOP memorandum issued on April 14, 2008, requiring Regional Director approval for placement beyond six months as contrary to the Second Chance Act. However, he makes no mention of the current regulation

---

[2] Petitioner claims he is entitled to longer CCC placement due to the "extremely challenging nature of the current economy", his poverty, and his poor health. He more specifically cites difficulty he will face, with a criminal record, in finding a job; his need for maximum time to save money for necessities like an apartment and driver's license; and his poor health and need for greater control over his juvenile diabetes and medicines.

[3] Petitioner argues that BOP policy limits staff discretion to place inmates in a CCC to six months or less unless they have advance written approval from the Regional Director. However, he does not allege facts or provide documentation showing that this policy based upon the BOP Memorandum issued April 14, 2008, or any other allegedly incorrect interpretation of the Second Chance Act was the basis for the decision in his particular case.

adopted by the BOP on October 21, 2008. See 73 Fed.Reg. 62440-01 (Oct. 21, 2008). The newer regulation, entitled "Time-frames", authorizes BOP staff to designate inmates to a CCC for the final 12 months of the sentence. See 28 C.F.R. § 570.21(a) (Oct. 21, 2008)("Inmates may be designated to community confinement as a condition of prerelease custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months"). Unlike the April 2008 Memorandum, this regulation does not limit the discretion of staff to designate inmates to a CCC for more than six months:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

Strong, 559 F.Supp.2d at 562-63 (citing 28 C.F.R. § 570.22 (Oct. 21, 2008)).

Rules governing federal habeas corpus actions require a district court judge to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). The Supreme Court has explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests.

4

> Conley v. Gibson, 355 U.S. 41, 47 (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994). The court concludes that Mr. Lyles has not stated sufficient facts to support a claim for relief under 28 U.S.C. § 2241.

**FAILURE TO ADEQUATELY SHOW EXHAUSTION**

It has long been settled that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004)(citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). The only reference

5

petitioner makes to exhaustion is in an attachment entitled "Appendices to Brief." Therein, he states, he submitted a BP-08, BP-09, BP-10, and BP-11, but the "BOP has maintained that no attempt to informally resolve the issue has been made", which would be the BP-08 grievance. If his administrative remedies have all been denied because the record did not include evidence of an attempt at informal resolution, then petitioner must allege some facts or provide some documentation showing the agency's determination that he did not follow proper procedure is incorrect. It is not enough for Mr. Lyles to simply disagree with the agency's finding.

In order to have fully exhausted his claims, Mr. Kyles must have raised claims on administrative appeal that are identical to those he now presents in his federal habeas corpus Petition. He has not provided copies of either the administrative grievances he submitted or the responses he received from the BOP. Nor has he provided even a summary of the claims he actually raised at each level of the administrative appeal process. Thus, he has not demonstrated that he raised on administrative appeal the precise claims that he seeks to present here. He does not show that he (1) challenged the BOP's interpretation of the Second Chance Act as applied in his case, (2) claimed that the Act mandated twelve (12) months of pre-release placement, (3) claimed that the current economy, his poverty, and his poor health warrant a longer period of CCC placement, or (4) made the other legal arguments that he raises in his Petition. The court will not require a responsive pleading unless petitioner meets his burden of stating facts showing full and proper exhaustion of administrative remedies on the claims raised in

the Petition and presenting a viable claim under § 2241[4].

Petitioner will be given time to satisfy the filing fee prerequisite; state additional facts sufficient to present a claim under § 2241 in accord with the foregoing Memorandum and Order; and state additional facts to show full exhaustion of administrative remedies on all his claims. If he fails to comply within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to either pay the filing fee or submit a motion to proceed without prepayment of fees, and to file a Supplement to Petition stating additional facts to show full exhaustion of administrative remedies on the precise claims raised in the Petition and to state a claim for relief under 28 U.S.C. § 2241.

The clerk of the court is directed to transmit forms for filing a Motion to Proceed Without Prepayment of Fees to petitioner.

**IT IS SO ORDERED.**

**DATED**: This 11th day of January, 2010, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge

---

[4] 28 U.S.C. § 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."